```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
VINCENT CILIBERTI,

        Plaintiff,                              ORDER

    - against -                                 Civil Action No.
                                                08-CV-4262 (DGT)

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL 3,
and AUSTIN McCANN, individual,

        Defendants.
----------------------------------------X
```

Trager, J.:

Vincent Ciliberti brought this duty of fair representation action against defendant International Brotherhood of Electrical Workers Local Three ("IBEW") and Austin McCann ("McCann") (collectively "defendants") alleging that his former employer Dooley Electric Company, Inc. ("Dooley") terminated him, and that IBEW failed to fairly represent him in the ensuing grievance procedure. He also brings a state law claim against McCann, alleging that McCann, an IBEW agent, failed to fairly represent him, and thereby tortiously interfered with Ciliberti's prospective business relations.

IBEW and Dooley, which is a member of the New York Electrical Contractor's Association, are parties to an agreement entitled "Agreement and Working Rules" ("Agreement"). Plaintiff's complaint alleges that, "unlike most similar

agreements [the Agreement] does not insure employee protection by providing a just cause termination provision." Complaint ¶ 10. Plaintiff's complaint also alleges that the Agreement does not contain an arbitration provision. Id. ¶ 11, 40.

When defendants filed a pre-motion conference letter seeking to file a motion to dismiss the complaint, plaintiff submitted a response letter in which plaintiff argued that the Agreement does, in fact, prevent Dooley from terminating plaintiff without proper cause because the Agreement states that "[t]he Employer shall . . . have no restrictions . . . in discharging employees for proper cause." Feb. 10, 2009 letter at 2. At the time, plaintiff suggested that "a repleading would clarify any ambiguity" between this provision and the seemingly contradictory allegations in his complaint. Id. After defendants filed their motion to dismiss the complaint for under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, plaintiff opposed defendants' motion and sought leave to file an amended complaint.

Because defendants have not yet filed an answer, plaintiff is free under Federal Rule of Civil Procedure 15(a) to amend his complaint without seeking leave of the court. Rule 15(a) states that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Dispositive motions, such as defendants' motion to dismiss, are

not responsive pleadings under Rule 15(a). <u>Barbara v. New York Stock Exchange, Inc.</u>, 99 F.3d 49, 56 (2d Cir. 1996); <u>see</u> also <u>Kassner v. 2d Ave. Delicatessen Inc.</u>, 496 F.3d 229, 242-44 (2d Cir. 2007) (acknowledging rule in <u>Barbara</u> that motions to dismiss are not responsive pleadings under Rule 15(a), but holding that a plaintiff's ability to amend as a matter of course is limited by any deadlines set out in a Rule 16(b) scheduling order); <u>Int'l Bhd. of Teamsters v. Carey</u>, No. 00-cv-2952, 2001 WL 88210 (S.D.N.Y. Feb. 1., 2001) (holding that plaintiff, who had requested permission to amend the complaint while a motion to dismiss was pending, did not need such permission because defendant had not filed an answer).

Accordingly, plaintiff shall serve and file his amended complaint within twenty-one (21) days of the date of this order. Once plaintiff files an amended complaint, the pending motion to dismiss will be denied as moot. Defendants shall respond within twenty-eight (28) days of being served with the amended complaint. If defendants wish to file a motion in lieu of an

answer, defendants need not file any pre-motion conference letter prior to filing the motion.

Dated:     Brooklyn, New York
            August 3, 2009

                                       SO ORDERED:

                                       _____/s/_____
                                       David G. Trager
                                       United States District Judge