ORIGINAL
D§F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

VINCENT CILIBERTI,

                     Plaintiff,

     -against-

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL 3, and
AUSTIN MCCANN, individual,

                    Defendants.

------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 08-CV-4262 (FB) (CLP)

*Appearances:*
*For the Plaintiff:*
MICHAEL J. BORRELLI
PETER J. FAMIGHETTI
Borrelli & Associates, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514

*For the Defendants:*
NORMAN ROTHFELD
276 Fifth Avenue
New York, NY 10001

**BLOCK, Senior District Judge:**

       For the reasons stated at oral argument and summarized below, defendants'

motions to dismiss under Fed. R. Civ. P. 12(b)(1) and (6) are denied.

       Ciliberti alleges that his employer, Dooley Electric ("Dooley"), breached its

collective bargaining agreement ("CBA") with his labor union, International Brotherhood

of Electrical Workers Local 3 ("Local 3") by "discharging [him] without proper cause," Am.

Compl. ¶ 14, because Dooley's discharge decision was based on three of Ciliberti's former

supervisors who each signed an affidavit stating that he "could not handle his workload,"

*Id.* ¶ 31, and each of those supervisors later contradicted his affidavit: two stated that "he

had no problem with [Ciliberti's] work," *id.* ¶¶ 40, 41, and the third "admitted that he

could not accurately judge [Ciliberti's] work performance because he had only been his supervisor for four (4) days." *Id.* ¶ 42. Ciliberti disputes that he was unable to handle his workload and further alleges that although "it took him slightly longer to complete certain tasks because he was new to the job and did not know the 'shortcuts' used by other workers," he "often took on the work of others[,] . . . he works in conjunction with a partner, whose work was not being criticized," and "that he knew how to perform the work as he had been a Local 3 member for over 29 years." *Id.* ¶ 32.

Ciliberti also alleges that Local 3 violated its duty of fair representation because his primary representative during the grievance process "stood by without any active involvement," *id.* ¶ 44, and after hearing the contradictory statements by Ciliberti's three former supervisors, Local 3 "fail[ed] to process the grievance to arbitration." *Id.* ¶ 49.

Such allegations are sufficient to state a hybrid § 301/duty of fair representation claim that is plausible on its face. *See Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 282 (2d Cir. 2005) ("To prevail on a hybrid § 301/duty of fair representation claim, [a plaintiff] must demonstrate both (1) that [the employer] breached its collective bargaining agreement and (2) that [the union] breached its duty of fair representation."); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that to survive a motion to dismiss under 12(b)(6), a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face.").

Local 3's principle argument that Ciliberti has failed to state a claim is that Ciliberti "will be unable to **prove** . . . that Dooley Electric did not terminate him for proper cause," Def.'s Br. at 5, because Dooley was relying on the reports from Ciliberti's three

former supervisors that he was unable to handle his workload at the time it discharged him. Such an argument, which requires the Court to evaluate evidence about the meaning of "proper cause" in the CBA, will be properly addressed if Local 3 moves for summary judgment, but not on a motion to dismiss. *See De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir. 1996) ("A motion to dismiss is designed to test the legal sufficiency of the complaint, and thus does not require the Court to examine the evidence at issue.").

Local 3 also moves under Fed. R. Civ. P. 12(b)(1) to dismiss Ciliberti's state-law tortious interference with prospective economic advantage claim against Ciliberti's primary union representative Austin McCann. Local 3 argues that the Court should decline supplemental jurisdiction because Ciliberti seeks certain types of damages on that claim which are not available on his federal claim, and therefore his state-law claim substantially predominates. *See* 28 U.S.C. 1367(c). Be that as it may, determination of both claims will involve facts relating to the circumstances of Local 3's representation of Ciliberti; thus, the "values of judicial economy, convenience, fairness, and comity," *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006), are best served by continuing to exercise supplemental jurisdiction over Ciliberti's state-law claim.

**SO ORDERED.**

s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 11, 2011

3